FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 08 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KENNETH ARMSTEAD,

        Petitioner,

-against-

OPINION AND ORDER
11-CV-3635 (SJF)

PEOPLE OF THE STATE OF NEW YORK,

        Respondent.
-----------------------------------------------------------X
FEUERSTEIN, District Judge:

Before the Court is Kenneth Armstead's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, petitioner's application is **DENIED** and his petition is dismissed.

I. **Background**

A. **Introduction**

On November 20, 2007, petitioner, while on parole, sold crack cocaine to a confidential informant in Hempstead, New York. The confidential informant recorded the sale with hidden video and audio equipment while a police detective witnessed the transaction. Petitioner was indicted for the criminal sale of a controlled substance in the third degree (Penal Law § 220.39(1)), criminal possession of a controlled substance in the third degree (Penal Law § 220.16(1)), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Following a jury trial, petitioner was convicted on all three (3) counts. Petitioner was sentenced to concurrent determinate terms of three (3) and one-half years incarceration on the first two (2) counts and to a concurrent definite term of one (1) year of incarceration on the remaining count.

## B. Relevant Procedural History

Defendant, represented by counsel, appealed his judgment of conviction to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"). He argued that the jury's verdict was against the weight of the evidence based on flaws and inconsistencies in the confidential informant's testimony. By Decision and Order dated December 1, 2009 ("December 2009 Order"), the Appellate Division unanimously affirmed petitioner's conviction. Petitioner did not seek leave to appeal the ruling to New York's Court of Appeals.

On or about February 20, 2010, petitioner filed an application for a writ of error coram nobis[1] alleging, *inter alia*, that his appellate attorney was ineffective for failing to argue that the prosecution had not proven petitioner's guilt beyond a reasonable doubt. He argued that during trial, the prosecutor presented evidence about crack cocaine instead of powdered cocaine, as was alleged in the indictment. In addition, petitioner claimed that his attorney was ineffective for not arguing that the indictment was jurisdictionally defective because the grand jury charged him with the sale of powdered, not crack, cocaine. Thus, the charges in the indictment were not proven by the crack cocaine evidence adduced at trial.

By Decision and Order dated August 17, 2010, the Appellate Division denied petitioner's application to vacate the December 2009 Order and held that petitioner failed to establish that he was denied effective assistance of appellate counsel. Petitioner sought and was denied leave to appeal to New York's Court of Appeals.

---

1. Throughout the course of his state criminal case, petitioner filed other motions that are irrelevant to the determination of his § 2254 petition.

## II. Discussion

### A. Legal Standard for a Writ of Habeas Corpus

"In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States." *McCool v. New York State*, 29 F. Supp. 2d 151, 157 (W.D.N.Y. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2254(a) provides that a "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A federal court may grant a writ of habeas corpus to a state prisoner where the federal claim was "adjudicated on the merits" in state court only when adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[2]

28 U.S.C. § 2254(d).

"An 'adjudication on the merits' is a "substantive, rather than a procedural, resolution of a

---

2. "This standard of review, as opposed to the standard existing prior to the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, is more deferential to state court decisions." *Garry v. Greiner*, No. 01 Civ. 0848, 2003 WL 21436217, at *2 (S.D.N.Y. June 19, 2003).

federal claim.'" *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)). A "state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Id.* (quoting 28 U.S.C. § 2254(d)(1)). "When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id.*

Where a state court has not adjudicated a state prisoner's federal claim on the merits, the " '[the court applies] the pre-AEDPA standards and review[s] *de novo* the state court disposition of the petitioner's federal constitutional claims.' " *Garry v. Greiner*, No. 01 Civ. 0848, 2003 WL 21436217, at *2 (S.D.N.Y. June 19, 2003) (quoting *Cotto v. Herbert*, No. 01 Civ. 2694, 2003 WL 1989700, at *6 (2d Cir. May 1, 2003)).

Title 28 U.S.C. § 2254(e)(1) provides that the "determination of a factual issue made by a State court shall be presumed to be correct" and a petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

## B. Petitioner's Application for a Writ of Habeas Corpus

As an initial matter, "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Petitioner's habeas claims for ineffective appellate counsel were raised in his application for a writ of error coram nobis, which was denied by the Appellate Division on August 17, 2010. He then sought leave to appeal to New York's Court of Appeals,

-4-

which was denied on November 9, 2010. Thus, his claims are properly exhausted.

## *Ineffective Assistance of Counsel Claims under the AEDPA*

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). In addition, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. The *Strickland* factors apply to claims of ineffective trial and appellate counsel. *Ramchair v. Conway,* 601 F.3d 66, 73 (2d Cir. 2010).

"In the appellate context, it is not enough for a petitioner to simply argue that counsel did not raise certain non-frivolous arguments on appeal, as no duty to raise every such argument exists." *Gomez v. Brown,* 655 F. Supp. 2d 332, 361 (S.D.N.Y. 2009) (citing *Evitts v. Lucey,* 469 U.S. 387, 394 (1985)). *See Jones v. Barnes,* 463 U.S. 745, 754 (1983) (holding that appellate counsel is not obligated to raise every nonfrivolous argument). A colorable claim of ineffective assistance of appellate counsel requires a petitioner to establish that counsel omitted "significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson,* 13 F.3d 528, 532 (2d Cir. 1994). Thus, under the AEDPA, it is insufficient to "convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, [a petitioner] must show that [the state courts] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone,* 535 U.S. 685, 699 (2002).

Petitioner's § 2254 application alleges that appellate counsel rendered ineffective

assistance by failing to raise two (2) arguments: (1) the indictment was jurisdictionally defective because it charged petitioner with different narcotics crimes than those proven at trial; and (2) the prosecutor did not prove that petitioner possessed or sold the specific narcotic charged in the indictment.

As the government points out, petitioner's claims about the indictment and the powdered cocaine were never raised in the trial court and, thus, were unpreserved for direct appeal. Appellate counsel cannot be ineffective for failing to raise unpreserved claims on appeal. Nor can petitioner establish that he was prejudiced by appellate counsel's decisions not to raise the arguments because there is no reasonable probability that his claim would have been successful before the state's highest court. *See Mayo*, 13 F.3d at 534 ("To establish prejudice in the appellate context, a petitioner must demonstrate that 'there was a 'reasonable probability' that [his] claim would have been successful before the [state's highest court].' ") (quoting *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992)). Rather, New York's Court of Appeals denied petitioner's application for leave to appeal his jurisdictional and cocaine based arguments. Given the foregoing, petitioner has not demonstrated that appellate counsel failed to raise a meritorious argument or that he was prejudiced by counsel's conduct. Accordingly, the state court's application of *Strickland* was not objectively unreasonable.[3]

### III. Conclusion

Petitioner's application for a writ of habeas corpus pursuant to 20 U.S.C. § 2254 is

---

3. In its Decision and Order dated August 17, 2010, the Appellate Division, while not expressly citing to *Strickland*, cited to *People v. Stultz*, 810 N.E.2d 883 (N.Y. 2004), which discusses at length the application of *Strickland* and New York's more deferential standard set forth in *People v. Baldi*, 429 N.E.2d 400 (N.Y. 1981). *See Stultz*, 810 N.E.2d at 885-89.

**DENIED** and the petition is dismissed. As petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 253(c)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, (2003); *Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008).

**SO ORDERED.**

Dated: April 8, 2014
       Central Islip, New York

                                                  s/ Sandra J. Feuerstein
                                                  Sandra J. Feuerstein, U.S.D.J.